María Hortensia Díaz et al., Petitioners and Appellees, v. Manuel Cividanes, Respondent and Appellant.

No. 4987. Argued May 22, 1930.—Decided November 20, 1931.

Pedro E. Anglade for appellant. A. Porrata Doria for appellees María Hortensia and María Esperanza Pastor Díaz. Agustín E. Font for appellee Ramón Pastor Díaz.

Mr. Justice Hutchison delivered the opinion of the Court.

María Esperanza Díaz applied to a district court for the delivery of fifty shares of stock issued as a stock dividend, deposited in court by a judicial administrator, and claimed by the said María Esperanza Díaz (hereinafter referred to as petitioner) as a return upon 250 shares awarded to her in a distribution of the assets of an estate after the declaration of such stock dividend. The judicial administrator moved to dismiss the petition and prayed for an order direct-

ing the return by petitioner of the 250 shares in her possession to the custody of the said administrator or to that of the court. The district court held that the 50 shares as well as the 250 shares were the property of petitioner, refused to order the return of the 250 shares, and directed the clerk to deliver the 50 shares to petitioner.

The 250 shares were a part of a new issue authorized as a substitute for stock previously issued. The judicial administrator had received the 250 shares at the rate of five to one in exchange for 50 shares of the previous issue. The par value of each of the 50 shares was $100. The par value of each share of the new issue was $20. Several commissioners successively appointed by the district court had attempted a division and distribution of the estate in question before the report of the one last appointed was approved by the court. The report made by the first of these commissioners before the exchange above mentioned had been effected describes the 50 shares by the original certificate number. Subsequent inventories and reports, including the instrument of partition finally approved by the district court, follow this description. The judicial administrator did not call the attention of the commissioners who made those inventories and reports to the fact that the fifty shares referred to in the first inventory had been exchanged for the 250 shares subsequently issued. On the contrary, in the presence of other interested parties and of the district judge he endorsed and delivered to petitioner the 250 shares, and deposited the 50 shares which had been issued as a stock dividend pending a determination of the question raised by him as to petitioner's title thereto. The failure through inadvertence of the commissioner to change the description of the fifty shares mentioned in the original inventory so as to correspond to the new certificate number and thus specifically to award the 250 shares to petitioner should not now be permitted to defeat her title. The award of the 50 shares described in the original inventory was in substance and in

effect an award of the 250 shares received by the judicial administrator in exchange for the original certificate.

The award as made, however, did not pass title to the fifty shares of stock already issued as a stock dividend. There may be excellent reasons why this stock should have been awarded or should now be awarded to petitioner. In the absence of any award or distribution of that stock, it belongs to all of the heirs in common.

At the hearing in the district court, the judicial administrator introduced the record in the administration proceeding as evidence tending to show that the two hundred and fifty shares had never been delivered to petitioner. The judicial administrator, when called to the stand as a witness for petitioner, denied that he had endorsed the certificate for 250 shares of stock but admitted that he had written his name across the back of it and delivered it to the district judge in chambers, in the presence of his attorney and of a number of other witnesses. This testimony and that of other witnesses as to what occurred at the time of the delivery by the judicial administrator of the 250 shares was objected to as not tending to contradict any of the testimony adduced by the judicial administrator. It was admissible, however, in rebuttal of the documentary evidence offered by the administrator to show that the record did not disclose any delivery of the 250 shares to petitioner.

Celestino Domínguez, attorney for the judicial administrator at the time of the meeting of interested parties in the chambers of the district judge, testified that no question was raised as to the 250 shares the certificate for which was voluntarily endorsed and delivered to petitioner by the judicial administrator in the presence of the district judge, and that witness and the attorney for another of the interested parties also signed as witnesses. This testimony was objected to as a privileged communication. It was not in any sense such a communication but a simple narrative of what occurred at the meeting in question. In any event, it was merely

cumulative and its omission or elimination would not have affected the result.

Other witnesses testified that Domínguez himself filled in the blanks in the endorsement which was then signed by the judicial administrator. This testimony explains the evasive attempt of the judicial administrator to distinguish between the endorsement and his signature.

Other contentions of appellant, in so far as they have any merit as abstract questions of law or otherwise, would not require a reversal of the conclusion reached by the district judge concerning the ownership of the 250 shares.

The order of the district court of January 23, 1929, adjudging the fifty shares of stock issued as a stock dividend to be the property of petitioner and directing the clerk of the district court to deliver the certificate to petitioner will be reversed. The order of the same date adjudging the 250 shares to be the property of petitioner and denying the motion of the judicial administrator to compel a return of the said 250 shares to his custody or to that of the court will be affirmed.